**UNITED STATES DISTRICT COURT**
**EASTERN OF LOUISIANA**

| | |
|---|---|
| **BAKRAC, INC.** | **NO.:** |
| **VERSUS** | **JUDGE** |
| **FIRST NATIONAL BANK OF COMMERICE** | **MAGISTRATE JUDGE** |

**COMPLAINT**

**NOW COMES** plaintiff, Bakrac, Inc. a foreign corporation, which respectfully files this Complaint and avers the following:

PARTIES

1.

Plaintiff appearing herein is:

Bakrac, Inc., ("Bakrac") a foreign corporation organized under the laws of Florida and with its principal place of business in the State of Florida.

2.

Made defendant herein is:

First National Bank of Commerce, a state chartered bank organized and existing under the laws of the State of Louisiana with its registered office in the Parish of Orleans, State of Louisiana.

JURISDICTION

3.

This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(2) because this action is between a citizen of a foreign state and a citizen of Louisiana. Plaintiff is a citizen of Florida, and Defendant First NBC is a citizen of Louisiana. The amount in controversy exceeds $75,000.

VENUE

4.

Venue is proper in this district under 28 U.S.C. 1391(b)(2) since the money was lent, documents were executed and payments were made within the district of this Court.

FACTUAL BACKGROUND

5.

Bakrac, Inc. (hereinafter "Bakrac") sought a loan for $7,400,000 from First NBC for the construction of a new ninety-two (92) room boutique hotel in St. Petersburg, Florida, to be located at 301 1st Street, St. Petersburg, FL 33701.

6.

In approximately June 2015, First NBC approved Bakrac's application for loan.

7.

On September 28, 2015 First NBC issued a commitment letter to Bakrac. (hereinafter "Commitment Letter") as part of the loan process.

8.

The Commitment Letter required Bakrac to pay a commitment fee of $74,000.

9.

Specifically, the Commitment Letter states:

> In consideration of Lender extending this commitment, Borrower shall owe Lender a commitment fee of $74,000. This fee is fully earned and non-refundable upon acceptance of this commitment.

10.

By its terms, the Commitment Letter expired and became invalid if the loan did not close on or before December 19, 2015.

11.

As a condition of the Loan, First NBC insisted that a judgment previously issued against property owned by Mr. Bakrac's former wife be released in order to close the loan by December 19, 2015.

12.

The insistence on this condition by First NBC rendered performance by Bakrac under the Commitment Letter impossible.

13.

Despite the issuance of the Commitment Letter, First NBC was not financially capable of honoring its loan obligations to Bakrac as it represented in the Commitment Letter.

14.

First NBC misrepresented to Bakrac its financial capability to pay the $7,400,000 loan to Bakrac.

15.

Upon information and belief, Bakrac relied upon First NBC's representations and paid the commitment fee of $74,000 in order to secure the loan.

16.

Despite First NBC not being able to honor its loan obligations, First NBC accepted the $74,000 commitment fee from Bakrac and did not return said fee when Bakrac was unable to close on the loan as a result of First NBC's imposed conditions.

17.

Bakrac also incurred additional costs, including obtaining an appraisal, in order to satisfy the imposed loan obligations by First Bank.

18.

Bakrac seeks return of the monetary amount he paid for the commitment fee, as well as costs incurred associated with satisfying the loan obligations, and any other damages as are reasonable, with legal interest on all amount from date of judicial demand until paid.

19.

The acts and/or omissions by First NBC were a legal and proximate cause of the injuries sustained by petitioner, Bakrac.

WHEREFORE, Petitioner, Bakrac Inc., prays that this Complaint be filed and that defendant be duly cited and served with a copy of same and, that after legal delays and due proceedings had there by judgment in favor of Petitioner an against defendants for a full and true sum of an amount of reasonable to be provide at the trial on the merits of this matter, together with legal interest from the date of judicial demand until pad, and for all costs of the proceedings and all other just and equitable relief.

Respectfully submitted,

Koch & Schmidt, L.L.C.

***/s/ R. Joshua Koch***
R. Joshua Koch, Jr.(La. Bar No. 07767)

Jennifer E. Barriere (La Bar No. 34435)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041
JKoch@kochschmidt.com
Jbarriere@kochschmidt.com
*Attorneys for Bakrac Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading has been filed using the Court's electronic filing system, this 23rd day of March, 2017.

***/s/ R. Joshua Koch***
R. Joshua Koch, Jr.(La. Bar No. 07767)